COMMONWEALTH OF KENTUCKY
HENRY COUNTY CIRCUIT COURT
DIVISION _____
CASE NUMBER _____
JUDGE _____

SAMUEL LONG                                                        PLAINTIFF

v.                              **COMPLAINT**
                    **ELECTRONICALLY FILED**

WILLIAM W. BARRINGTON
5284 LONG ROAD
ORLANDO, FLORIDA 32808-1112

            SERVE:    OFFICE OF THE SECRETARY OF STATE
                      SUMMONS BRANCH
                      700 CAPITOL AVENUE, SUITE 86
                      FRANKFORT, KENTUCKY 40601-3475

and

BRUCE A. WRIGHT
2254 BEAVER CIRCLE
POCONO SUMMIT, PENNSYLVANIA 18346-7702

            SERVE:    OFFICE OF THE SECRETARY OF STATE
                      SUMMONS BRANCH
                      700 CAPITOL AVENUE, SUITE 86
                      FRANKFORT, KENTUCKY 40601-3475

and

PLANA TRANSPORTATION, INC.
655 NORTH CENTRAL AVENUE, UNIT E
WOOD DALE, ILLINOIS 60191-1467

PROCESS AGENT:    PLAMEN ARHANGUELOV METODIEV
                  18 CLOVER CIRCLE
                  STREAMWOOD, ILLINOIS 60107-2361

            SERVE:    OFFICE OF THE SECRETARY OF STATE
                      SUMMONS BRANCH
                      700 CAPITOL AVENUE, SUITE 86
                      FRANKFORT, KENTUCKY 40601-3475

Presiding Judge: HON. KAREN A. CONRAD (612186)

COM : 000001 of 000009

and

PROGRESSIVE CASUALTY INSURANCE COMPANY
6300 WILSON MILLS ROAD W33
CLEVELAND, OH 44143-2109

        SERVE:    CT CORPORATION SYSTEM
                   306 WEST MAIN STREET, SUITE 512
                   FRANKFORT, KENTUCKY 40601-1840     DEFENDANTS

** ** ** ** ** ** ** ** ** ** ** ** ** ** **

Comes now the Plaintiff, Samuel Long, by counsel, and for his cause of action against the Defendants, William W. Barrington, Bruce A. Wright, Plana Transportation, Inc., and Progressive Casualty Insurance Company, states as follows:

## PARTIES AND JURISDICTIONAL ALLEGATIONS

1.     The Plaintiff, Samuel Long, is a citizen and resident of Henry County, Kentucky;

2.     That, upon information and belief, the Defendant, William W. Barrington, is a citizen and resident of Orange County, Florida;

3.     That, at the time of the automobile collision described herein, the Defendant, William W. Barrington, was a nonresident operator of a motor vehicle. In accordance with KRS 188.020, as a nonresident operator of a motor vehicle who accepted the privilege extended by the laws of the Commonwealth of Kentucky to operate a motor vehicle within this state, the Defendant, William W. Barrington, has made the Secretary of State the agent of himself or his personal representative for the service of process in any civil action instituted in the courts of this state against the operator arising out of or by reason of any accident or collision or damage occurring within this state in which the motor vehicle is involved. The

Presiding Judge: HON. KAREN A. CONRAD (612186)

COM : 000002 of 000009

Defendant, William W. Barrington, will be served at William W. Barrington, 5284 Long Road, Orlando, Florida 32808-1112, through the Kentucky Office of the Secretary of State, Summonses Branch, The Capitol Building, 700 Capitol Avenue, Suite 86, Frankfort, Kentucky 40601-3475;

4.      That, upon information and belief, the Defendant, Bruce A. Wright, is a citizen and resident of Monroe County, Pennsylvania;

5.      That, at the time of the automobile collision described herein, the Defendant, Bruce A. Wright, was a nonresident operator of a motor vehicle.   In accordance with KRS 188.020, as a nonresident operator of a motor vehicle who accepted the privilege extended by the laws of the Commonwealth of Kentucky to operate a motor vehicle within this state, the Defendant, Bruce A. Wright, has made the Secretary of State the agent of himself or his personal representative for the service of process in any civil action instituted in the courts of this state against the operator arising out of or by reason of any accident or collision or damage occurring within this state in which the motor vehicle is involved.  The Defendant, Bruce A. Wright, will be served at Bruce A. Wright, 2254 Beaver Circle, Pocono Summit, Pennsylvania 18346-7702, through the Kentucky Office of the Secretary of State, Summonses Branch, The Capitol Building, 700 Capitol Avenue, Suite 86, Frankfort, Kentucky 40601-3475;

6.      The Defendant, Plana Transportation, Inc., is an Illinois Corporation with a principal office located at 655 North Central Avenue, Unit E, Wood Dale, Illinois 60191-1467.  The Defendant, Plana Transportation, Inc., will be served at Plamen Arhanguelov Metodiev, 18 Clover Circle, Streamwood, Illinois 60107-2361, through

Presiding Judge: HON. KAREN A. CONRAD (612186)

COM : 000003 of 000009

the Kentucky Office of the Secretary of State, Summonses Branch, The Capitol Building, 700 Capitol Avenue, Suite 86, Frankfort, Kentucky 40601-3475;

**COUNT I: ALLEGATIONS AGAINST
THE DEFENDANT, WILLIAM W. BARRINGTON**

7.     The Plaintiff, Samuel Long, adopts and reiterates each and every allegation as if set forth fully herein and incorporates same by reference;

8.     That at the time of his injury the Plaintiff, Samuel Long, was exercising due care for his own safety;

9.     That the Defendant, William W. Barrington, had a duty to operate his vehicle in a careful manner, with regard for the safety and convenience of pedestrians and other vehicles upon the highway;

10.     That on or about July 28, 2017, on a public road in Henry County, Kentucky, the Defendant, William W. Barrington, was negligent in one or more of the factors of ownership, maintenance, use, operation, or control of his motor vehicle;

11.     That the negligence of the Defendant, William W. Barrington, was a direct and substantial factor in causing damage to the motorcycle of the Plaintiff, Samuel Long, including loss of use;

12.     That the negligence of the Defendant, William W. Barrington, was the direct and proximate cause of physical, emotional, and financial injuries suffered by the Plaintiff, Samuel Long, including the following:

a.     Mental and physical pain and suffering both of a temporary and permanent nature all to his damage in a sum to be determined by a jury sitting in the trial of this matter;

b.     The expenditure of sums of money for hospital, medical and other rehabilitation expenses and will be caused to expend such sums of

Presiding Judge: HON. KAREN A. CONRAD (612186)

COM : 000004 of 000009

money in the future in an amount to be determined by a jury sitting in the trial of this matter;

      c.     Loss of the Plaintiff's ability to lead and enjoy a normal life, all to his damage, in a sum to be determined by a jury sitting in the trial of this matter; and

      d.     Lost wages and impairment of his ability to earn income in a sum to be determined by a jury sitting in the trial of this matter;

13.     That all damages complained of herein exceed the jurisdiction requirements of this Court;

14.     That this Court has jurisdiction over the parties and the subject matter and venue is proper in this Court;

## COUNT II: ALLEGATIONS AGAINST THE DEFENDANT, BRUCE A. WRIGHT

15.     The Plaintiff, Samuel Long, adopts and reiterates each and every allegation as if set forth fully herein and incorporates same by reference;

16.     That at the time of his injury the Plaintiff, Samuel Long, was exercising due care for his own safety;

17.     That the Defendant, Bruce A. Wright, had a duty to operate his vehicle in a careful manner, with regard for the safety and convenience of pedestrians and other vehicles upon the highway;

18.     That on or about July 28, 2017, on a public road in Henry County, Kentucky, the Defendant, Bruce A. Wright, was negligent in one or more of the factors of ownership, maintenance, use, operation, or control of his motor vehicle;

19.     That the negligence of the Defendant, Bruce A. Wright, was a direct and substantial factor in causing damage to the motorcycle of the Plaintiff, Samuel Long, including loss of use;

20.     That the negligence of the Defendant, Bruce A. Wright, was the direct and proximate cause of physical, emotional, and financial injuries suffered by the Plaintiff, Samuel Long, including the following:

a.      Mental and physical pain and suffering both of a temporary and permanent nature all to his damage in a sum to be determined by a jury sitting in the trial of this matter;

b.      The expenditure of sums of money for hospital, medical and other rehabilitation expenses and will be caused to expend such sums of money in the future in an amount to be determined by a jury sitting in the trial of this matter;

c.      Loss of the Plaintiff's ability to lead and enjoy a normal life, all to his damage, in a sum to be determined by a jury sitting in the trial of this matter; and

d.      Lost wages and impairment of his ability to earn income in a sum to be determined by a jury sitting in the trial of this matter;

21.     That all damages complained of herein exceed the jurisdiction requirements of this Court;

22.     That this Court has jurisdiction over the parties and the subject matter and venue is proper in this Court;

Presiding Judge: HON. KAREN A. CONRAD (612186)

## COUNT III: RESPONDEAT SUPERIOR

23.     The Plaintiff, Samuel Long, adopts and reiterates each and every allegation as if set forth fully herein and incorporates same by reference;

24.     That on that date and at that place set forth above, the Defendant, William W. Barrington, was the employee, agent, servant, and/or statutory employee of the Defendant, Plana Transportation, Inc., and was acting within the course and scope of his employment, thereby causing Plana Transportation, Inc. to be vicariously liable for any negligence of William W. Barrington under the legal doctrine of respondeat superior;

25.     That on that date and at that place set forth above, the Defendant, Bruce A. wright, was the employee, agent, servant, and/or statutory employee of the Defendant, Plana Transportation, Inc., and was acting within the course and scope of his employment, thereby causing Plana Transportation, Inc. to be vicariously liable for any negligence of William W. Barrington under the legal doctrine of *respondeat superior*;

## COUNT IV: ALLEGATIONS AGAINST
## THE DEFENDANT, PROGRESSIVE CASUALTY INSURANCE COMPANY

26.     The Plaintiff, Samuel Long, adopts and reiterates each and every allegation as if set forth fully herein and incorporates same by reference;

27.     That at all times material hereto, the Defendant, Progressive Casualty Insurance Company, was performing acts of doing an insurance business in the Commonwealth of Kentucky and has appointed the CT Corporation System, 306 West Main Street, Suite 512, Frankfort, Kentucky 40601-1840, its agent for the service of process in this action;

28.     That at all times material hereto, the Defendant, Progressive Casualty Insurance Company, had issued to the Plaintiff, Samuel Long, and there were in full force and effect, certain policies of automobile liability insurance which provided underinsured motorist benefits to the Plaintiff;

29.     That the Defendant, William W. Barrington, was an underinsured motorist within the purview and meaning of the said policies of automobile liability insurance, entitling the Plaintiff, Samuel Long, to a recovery on this account;

30.     That the Defendant, Progressive Casualty Insurance Company, has waived any policy provisions barring or limiting recovery by the Plaintiff, Samuel Long, under the said policies of automobile liability insurance.


**WHEREFORE**, the Plaintiff, Samuel Long, demands judgment against the Defendants, William W. Barrington, Plana Transportation, Inc., and Progressive Casualty Insurance Company, as follows:

1.     A trial by jury on all issues of fact herein;

2.     Compensatory damages against the Defendant, William W. Barrington, in a fair and reasonable amount to be determined by a jury sitting at the trial of this matter, but in an amount sufficient to confer jurisdiction on this Court;

3.     Compensatory damages against the Defendant, Plana Transportation, Inc., in a fair and reasonable amount to be determined by a jury sitting at the trial of this matter, but in an amount sufficient to confer jurisdiction on this Court;

4.     Compensatory damages against the Defendant, Progressive Casualty Insurance Company, in a fair and reasonable amount to be determined by a jury

Presiding Judge: HON. KAREN A. CONRAD (612186)

COM : 000008 of 000009

sitting at the trial of this matter, but in an amount sufficient to confer jurisdiction on this Court;

5. For prejudgment interest from the date of the injuries of the Plaintiff, Samuel Long, until such time the judgment is paid;

6. For Plaintiff's costs herein expended; and

7. For any and all other relief to which the Plaintiff is entitled.

**RESPECTFULLY** submitted this _____ day of _____, _____.

_/s/ Danielle R. Blandford_
Danielle Reesor Blandford, Esq.
**MORGAN & MORGAN**
420 West Liberty Street, Suite 260
Louisville, KY 40202-3048
Telephone: (502) 912-5952
Facsimile (direct): (502) 912-6451
dblandford@forthepeople.com
*Attorney for the Plaintiff, Samuel Long*

AOC-E-105  Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice    *Courts.ky.gov*

CR 4.02; Cr Official Form 1



**CIVIL SUMMONS**

Case #: **19-CI-00066**
Court: **CIRCUIT**
County: **HENRY**

---

*Plaintiff,* **LONG, SAMUEL VS. BARRINGTON, WILLIAM W., ET AL**, *Defendant*

TO:  **PLANA TRANSPORTATION, INC.**

  **655 NORTH CENTRAL AVENUE, UNIT E**

  **WOOD DALE, IL 60191**

Memo:  Process Agent in Illinois: Plamen Arhanguelov Metodiev, 18 Clover Circle, Streamwood, Illinois 60107-2361

The Commonwealth of Kentucky to Defendant:

  You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Nina B. Lyle*

Henry Circuit Clerk
Date: **4/10/2019**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

  To: _____

☐ Not Served because: _____

  Date: _____, 20 _____

  _____
  Served By

  _____
  Title

Presiding Judge: HON. KAREN A. CONRAD (612186)

CI : 000001 of 000001

Summons ID: @00000564743
CIRCUIT: 19-CI-00066 Long Arm Statute – Secretary of State
LONG, SAMUEL VS. BARRINGTON, WILLIAM W., ET AL



Page 1 of 1



| | | |
|---|---|---|
| AOC-E-105      Sum Code: CI<br>Rev. 9-14 | | Case #: **19-CI-00066** |
| Commonwealth of Kentucky<br>Court of Justice     *Courts.ky.gov* |  | Court: **CIRCUIT**<br>County: **HENRY** |
| CR 4.02; Cr Official Form 1 | **CIVIL SUMMONS** | |

*Plaintiff,* **LONG, SAMUEL VS. BARRINGTON, WILLIAM W., ET AL**, *Defendant*

TO:   **WILLIAM W. BARRINGTON**
     **5284 LONG ROAD**
     **ORLANDO, FL 32808**

The Commonwealth of Kentucky to Defendant:

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Nora B. Lyle*

Henry Circuit Clerk
Date: **4/10/2019**

Presiding Judge: HON. KAREN A. CONRAD (612186)

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

   Date: _____, 20_____

_____
Served By

_____
Title

CI : 000001 of 000001

Summons ID: @00000564741
CIRCUIT: 19-CI-00066 Long Arm Statute – SOS - Restricted Delivery
LONG, SAMUEL VS. BARRINGTON, WILLIAM W., ET AL

Page 1 of 1



eFiled

| | | |
|---|---|---|
| AOC-E-105      Sum Code: CI<br>Rev. 9-14 |  | Case #: **19-CI-00066** |
| Commonwealth of Kentucky<br>Court of Justice      *Courts.ky.gov* | | Court:   **CIRCUIT** |
| CR 4.02; Cr Official Form 1 | **CIVIL SUMMONS** | County: **HENRY** |

*Plaintiff,* **LONG, SAMUEL VS. BARRINGTON, WILLIAM W., ET AL**, *Defendant*

TO:   **BRUCE A. WRIGHT**
       **2254 BEAVER CIRCLE**
       **POCONO SUMMIT, PA 18346**

The Commonwealth of Kentucky to Defendant:

    You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Tina B. Lyle*

Henry Circuit Clerk
Date: **4/10/2019**

*Presiding Judge: HON. KAREN A. CONRAD (612186)*

---

### Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

    To: _____

☐ Not Served because: _____

    Date: _____, 20_____

                                          _____
                                                   Served By

                                          _____
                                                       Title

*CI : 000001 of 000001*

Summons ID: @00000564742
CIRCUIT: 19-CI-00066 Long Arm Statute – SOS - Restricted Delivery
LONG, SAMUEL VS. BARRINGTON, WILLIAM W., ET AL



Page 1 of 1

eFiled

COMMONWEALTH OF KENTUCKY
HENRY COUNTY CIRCUIT COURT
DIVISION _____
CASE NUMBER _____
JUDGE _____

SAMUEL LONG                                                    PLAINTIFF

**PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS**
v.          **FOR PRODUCTION OF DOCUMENTS PROPOUNDED**
**TO THE DEFENDANT, PLANA TRANSPORTATION, INC.**
**ELECTRONICALLY FILED**

WILLIAM W. BARRINGTON

and

BRUCE A. WRIGHT

and

PLANA TRANSPORTATION, INC.

and

PROGRESSIVE CASUALTY INSURANCE COMPANY          DEFENDANT

** ** ** ** ** ** ** ** ** ** ** ** ** **

Pursuant to Rules 33 and 34 of the Kentucky Rules of Civil Procedure,

Plaintiff, Samuel Long, by counsel, directs Defendant, Plana Transportation, Inc.,

to answer the following Requests for Admission, Interrogatories and Requests for

Production of Documents under oath and in writing. In accordance with C.R. 34,

Defendant is requested to produce the documents requested herein for inspection

Presiding Judge: HON. KAREN A. CONRAD (612186)

IRPD : 000001 of 000013

and copying at the offices of Plaintiff's counsel at the offices of Morgan and Morgan, 420 West Liberty Street, Suite 260, Louisville, Kentucky 40202.

## DEFINITIONS AND INSTRUCTIONS

1.      The term "defendant," "you" or "your" as hereinafter used in these interrogatories shall include, in addition to the named party, Plana Transportation, Inc., its attorneys, agents, servants, employees, representatives, private investigators, and others who are in possession of, or who may have obtained information for or on behalf of, the named party or parties.

2.      The term "document" or "documents" as hereinafter used in these interrogatories is meant to coincide with the use of that term in Rule 34.01 of the Kentucky Rules of Civil Procedures for the Superior Court, State of Kentucky, and is intended to include all written or graphic material, however produced or reproduced, of every kind and description, including, but not limited to, the original and any copy, regardless of origin or location, of any applications, resumes, job postings, contracts, leases, agreements, checks, checkbooks, check stubs, check statements, bank statements, deposit slips, journals, general and subsidiary ledgers, other types of ledgers, accounts, bills, promissory notes, invoices, punch cards, purchase orders, acknowledgments, authorizations, sales slips, receipts, shipping papers, letters or other forms of correspondence, envelopes, folders or similar containers, communications, studies, summaries, minutes, minute books, agenda, bulletins, notices, announcements, proofs, sheets instructions, manuals, lists, visitor's log, schedules, price list, telegraphs, sketches, plan, specifications diagrams, drafts, records, formal records, desk calendars, notebooks, diaries,

Presiding Judge: HON. KAREN A. CONRAD (612186)

IRPD : 000002 of 000013

registers, appointment books, budgets, analyses, projections, minutes or meetings, conferences or discussions of any kind, tax returns,  books, pamphlets, periodicals, letters, memoranda, email, reports, records, studies, notes (whether typewritten, handwritten or otherwise), maps, drawings, working papers, charts, papers, graphs, indexes, tapes, data sheets, computer print-outs, any other printout sheets, intranet, photographs, movies or any other printed, written, electronic, computer-generated, computer-stored, recorded, transcribed, filmed, photographic or graphic matter, however produced or reproduced or stored, to which you have or have had any access.  If no printout exists of a computer record which contains any of the information requested in these Interrogatories or Requests for Production, you are requested to print out the computer record and produce the hard copy

3.    The term "specific" and "specifically" as hereinafter used in these interrogatories, means precisely, exactly or definitely, setting forth in detail the precise and exact sequence of events or transactions entailed in the occurrence which is the subject of the interrogatory, however if you are not able to be "specific," then a general answer should be provided.

4.    The term "collision" is used to designate that event or events which the Plaintiff alleges occurred and which the Plaintiff claims gave rise to the claim in this lawsuit against the Defendant, as described in the Complaint.

5.    When an interrogatory requires the *description* or *identification* of any individual, it is intended that the answer will state the following information with respect to each such individual:

(a)   His or her full name;

(b)   Current home address and telephone number;

(c)   Current business address, telephone number, and company affiliation;

(d)   Immediate past business address and company affiliation;

(e)   Current or other relevant employment classification or job title and job description;

(f)   His or her social security number; and

(g)   His or her education, certification and job title.

6.   The term "identify" as hereinafter used in these interrogatories with reference to a document means to state the date, author, type of document, or some other means of identifying it and its present location or custodian. If any such document was, but is no longer, in your possession or subject to your control, state what disposition was made of it.

7.   If any document is withheld under a claim of privilege, furnish a list which identifies each document for which a privilege is claimed, including the following information:

(a)   The date of the document;

(b)   The sender;

(c)   The recipient;

(d)   The person to whom copies were furnished along with his or her job title;

(e)   The subject matter of the document;

Presiding Judge: HON. KAREN A. CONRAD (612186)

IRPD : 000004 of 000013

       (f)      The basis upon which the privilege is claimed; and

       (g)      The paragraph of these Interrogatories to which said documents respond.

8.      Objections to interrogatories should be explained with particularity, and all factual and legal reasons supporting the objections are to be listed. If you object to answering any part of any interrogatory, specify the part to which you object, and answer the remainder.

9.      If you cannot answer any of the following interrogatories in full, after exercising due diligence to secure the requested information, please so state and answer to the extent possible, specifying your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

10.    These interrogatories are intended to be continuing in nature, and any information which is discovered by you subsequent to the service and filing of your answers must be brought to the attention of the inquiring Plaintiff through supplemental answers, within a reasonable time following discovery, but in no event later than thirty (30) days after discovery of the information.

## <u>INTERROGATORIES</u>

1.      Please identify each and every officer, agent, or employee of the Defendant, Plana Transportation, Inc., who is supplying or assisting in supplying the answers to the Interrogatories and describe his or her title, duties, and responsibilities.

      <u>**ANSWER**</u>:

2.      Please state the full and correct name of the Defendant, Plana Transportation, Inc., business entity, the exact nature of the entity, the date of formation, the state in which it is incorporated, the exact location of the business entity, the major business of the business entity, the type and nature of the business performed, the names and addresses of all officers, directors, or partners, and the date the business entity was authorized to do business in the State of Kentucky.

**ANSWER:**


3.      Please state whether the Defendant, Plana Transportation, Inc., was the owner of the vehicle that was involved with the incident described in the Complaint, and if not, please state the name and address of the owner and state whether the Defendant, Plana Transportation, Inc., had any interest in or to that vehicle, and if so, describe in detail the nature and extent of the interest.

**ANSWER:**


4.      If the Defendant, Plana Transportation, Inc., was either the owner or in possession of the vehicle involved in the incident described in the Complaint, please fully describe the vehicle), give such particulars as make, the year of manufacture, the date of purchase or of acquisition, and the date the Defendant, Plana Transportation, Inc., took possession of the vehicle.

**ANSWER:**

Presiding Judge: HON. KAREN A. CONRAD (612186)

IRPD : 000006 of 000013

Filed            19-CI-00066    04/10/2019          Gina Lyle, Henry Circuit Clerk

5.      Please the full name, address, date of birth, employer, and social security number of the driver/operator of the vehicle at the time of the incident in question.

**<u>ANSWER</u>:**


6.      Please state whether the person listed in Interrogatory No. 5 above was employed by the Defendant, Plana Transportation, Inc., on July 28, 2017, and if so, describe in detail his position, the nature and scope of his activities involved in that position, and include his scheduled working hours for 28, 2017.

**<u>ANSWER</u>:**


7.      Please state the name, address, and employer of each and every person known to you or your representatives who claims to have any knowledge of the circumstances surrounding the incident in question.

**<u>ANSWER</u>:**


8.       Please state whether the Defendant, Plana Transportation, Inc., or anyone acting on its behalf has ever taken or received any statement, either orally or in writing, from any person, including the parties who have any knowledge relating to the incident in question, and if so, please state for each person, his or her name and address, the date of any such statement, the substance of any such statement, and whether counsel may obtain a copy of any such statement.

**<u>ANSWER</u>:**

Presiding Judge: HON. KAREN A. CONRAD (612186)

IRPD : 000007 of 000013

Filed            19-CI-00066    04/10/2019          Gina Lyle, Henry Circuit Clerk

9.      At the time of the incident in question, was there a policy of liability insurance or any indemnification of insurance agreement in effect that covered or may cover the Defendant, Plana Transportation, Inc., the vehicle being operated by the driver identified in Interrogatory No. 5 above for the type of risk or liability alleged in the Complaint?

**ANSWER:**


10.     If the answer to the previous Interrogatory is "yes," state for each policy the name, address, telephone number of the insurer(s), the names and addresses of the insured(s), the policy number, the effective dates, the nature of the coverage, the limits of liability, and the name and address of the custodian(s) of the policies at the present time.

**ANSWER:**


11.     Please identify each and every person you expect to call as an expert witness at the trial of this matter and for each expert witness, please state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and summary of the grounds for each opinion.

**ANSWER:**


12.     Please identify the name and address of each person you expect to call as a witness to the trial of this matter.

**ANSWER:**

13.     Please state whether any person has made any statement, written or otherwise, while being interviewed or questioned by you or in your behalf, in connection with the collision at issue in this case, and if so, for each statement, indicate the name, address, place of employment in relationship to you of the maker, the date of making, the place of making, how or whether written or oral, and whether signed or unsigned, the names and addresses of all persons present at the time the statement was made, the name and address of the persons having custody or control of statement.

**ANSWER:**


14.     Other than the incident at issue, please list all other incidents involving alleged personal injury in which the driver identified in Interrogatory No. 5 above has been involved, either as an operator or passenger.

**ANSWER:**


15.     Were any photographs taken of the parties, the vehicle operated by the driver identified in Interrogatory No. 5 above, or of the scene of the incident at any time?

**ANSWER:**


16.     Were any accident reports prepared as a result of the incident at issue?  If so, please state the preparer of the report, with whom the report was filed and when the report was filed, and the custodian of the report.

**ANSWER:**

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    Provide copies of any documents upon which you base any defense, affirmative defense, or avoidance of liability.

   **RESPONSE:**


2.    If you are claiming the Plaintiff had a prior injury or disease, then produce any documents or records that you or your representative have regarding any such prior injuries or disease to those parts of the Plaintiff's body alleged to have been injured in the collision that is the basis of this litigation.

   **RESPONSE:**


3.    Provide a copy of all medical records, including but not limited to office notes or memos, relating to the Plaintiff's physical, medical, or mental conditions, illnesses or disabilities, for all treating or examining doctors, physicians, chiropractors, osteopaths, nurses, or other health care providers which you have in your possession and which was not provided to you, your attorney, or your insurance company by the Plaintiff or Plaintiff's attorney.

   **RESPONSE:**


4.    Provide copies of any sketches, diagrams, photographs, motion pictures, videotapes or home movies of the scene of the accident or of the automobiles involved in the accident, or of any Plaintiff.

   **RESPONSE:**

Presiding Judge: HON. KAREN A. CONRAD (612186)

IRPD : 000010 of 000013

5.  Provide copies of any written, typed, recorded, or transcribed statements from the Plaintiff or the driver of the vehicle in which the Plaintiff was a passenger and any witnesses.

**RESPONSE:**

6.  Provide copies of any (a) written reports from any witness whom you will or may call as an expert to give opinion testimony to include any reports or tests prepared or administered at his or her request or upon which he or she based his or her opinion and a summary of professional qualifications or curriculum vitae ('CV') for each such expert.

**RESPONSE:**

7.  Provide copies of all exhibits which you intend to use for demonstrative purposes or introduce into evidence at the trial of this action.

**RESPONSE:**

8.  Produce any and all insurance agreements or policies, including declaration pages therefrom, under which any person or entity carrying on an insurance business may be liable for any claim herein asserted against you or to satisfy part or all of a judgment that may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment, including but not limited to any liability insurance policy covering you (whether a named insured or not) or the automobile being driven by you at the time in question, to include without

Filed 00035-GFVT-EBA 19 Filed: 05/20/19 Presiding Judge: 24 of

limitation: liability insurance, commercial general liability, automobile insurance, homeowners insurance, umbrella insurance, general liability insurance, or excess insurance.

**RESPONSE:**

9. If not already provided, then provide copies of all documents in support of any claims for damages paid by you or your insurance company to any person, organization or party as a result of this accident, to include without limitation releases, settlements, accord and satisfaction, property damage estimates or appraisals.

**RESPONSE:**

10. Provide copies of repair bills or estimates for damages to any vehicle involved in this accident or collision.

**RESPONSE:**

11. Provide copies of all documents upon which you relied or reviewed in preparing your answers to interrogatories served contemporaneously herewith.

**RESPONSE:**

Presiding Judge: HON. KAREN A. CONRAD (612186)

IRPD : 000012 of 000013

/s/ Danielle Reesor Blandford
Danielle Reesor Blandford, Esq.
**MORGAN & MORGAN**
420 West Liberty Street, Suite 260
Louisville, KY 40202-3048
Telephone: (502) 912-5952
Facsimile (direct): (502) 912-6451
dblandford@forthepeople.com
*Attorney for the Plaintiff, Samuel Long*

## **CERTIFICATE**

It is hereby certified that a copy of the foregoing Interrogatories and

Request for Production of Documents were served with the Complaint.

/s/ Danielle Reesor Blandford
Danielle Reesor Blandford, Esq.

Presiding Judge: HON. KAREN A. CONRAD (612186)

IRPD : 000013 of 000013

COMMONWEALTH OF KENTUCKY
HENRY COUNTY CIRCUIT COURT
DIVISION _____
CASE NUMBER _____
JUDGE _____

SAMUEL LONG                                                                    PLAINTIFF

**PLAINTIFF'S FIRST SET OF REQUESTS FOR,
ADMISSION, INTERROGATORIES, AND REQUESTS
FOR PRODUCTION OF DOCUMENTS PROPOUNDED
TO THE DEFENDANT, WILLIAM W. BARRINGTON
ELECTRONICALLY FILED**

v.

WILLIAM W. BARRINGTON

and

BRUCE A. WRIGHT

and

PLANA TRANSPORTATION, INC.

and

PROGRESSIVE CASUALTY INSURANCE COMPANY                        DEFENDANT

\*\*  \*\*  \*\*  \*\*  \*\*  \*\*  \*\*  \*\*  \*\*  \*\*  \*\*  \*\*  \*\*  \*\*  \*\*

Comes now the Plaintiff, Samuel Long, and requests that the Defendant,

William W. Barrington, respond under oath to the following Interrogatories and

Requests for Production of Documents within 45 days of service.

## DEFINITIONS AND INSTRUCTIONS

I.        Unless otherwise indicated, all references to "Plaintiff", "I", or "we"

means Samuel Long.  All references to "Defendant" or "you" means William W.

Presiding Judge: HON. KAREN A. CONRAD (612186)

IRPD : 000001 of 000019

Filed 19-CI-00066 04/10/2019 Gina Lyle, Henry Circuit Clerk

Barrington, Defendant's attorney, any agent or servant of the Defendant including but not limited to Defendant's insurance carrier, American Inter-Fidelity Exchange, or anyone acting on the behalf of the Defendant.

II.   Definitions

    A.   Communication – The term "communication" as used herein includes, but is not limited to, conversation, electronically stored information (such as e-mail, instant messaging, voice mail, and back-up tapes), letter, memorandum, telegram, telephone call, facsimile communication, conference, meeting, consultation, and all other forms of oral, written, or graphic expression by which any information may be conveyed.

    B.   Relate, Relate to, etc. – The terms "relate", "relate to", "related to", "relation to", or "relating to" mean consist of, refer to, reflect, or be in any way logically or factually connected with the matter discussed, directly or indirectly.

    C.   Relied upon – The term "relied upon" means being or having been depended upon, referred to, or being or having been arguably appropriate for such reliance.

    D.   Person – The term "person" means any natural person, individual, corporation, partnership, proprietorship, joint venture, association, organization, team, or group of natural persons.

Presiding Judge: HON. KAREN A. CONRAD (612186)

IRPD : 000002 of 000019

E.    <u>Describe</u> – The term "describe" means, used in relation to an act, event, instance, occasion, transaction, conversation or communication to:

    1.   State the date and place thereof;

    2.   Identify the individual participant;

    3.   Summarize separately for each individual participant what he or she said or did; and

    4.   Designate each document used or prepared in connection therewith.

F.    <u>Document</u> – The term "document" means writing, drawing, memo, letter, graph, chart, photograph, electronically stored information (such as e-mail, instant messaging, voice mail, and back-up tapes), media records, facsimile, telegraph, handwritten notes, publication, article, or other compilation from which information can be obtained.

G.    <u>Subject Motor Vehicle Collision</u> – The phrase "subject motor vehicle collision" means the automobile collision described in Plaintiff's Complaint.

III.    <u>Identity, Identify, or Identification</u> – The terms "identity", "identify", or "identification" mean:

A.    As to an individual, please state his or her:

    1.   Full and customarily used names;

    2.   Present resident address and business address;

    3.   Present resident telephone number and business telephone number;

Presiding Judge: HON. KAREN A. CONRAD (612186)

IRPD : 000003 of 000019

4.    Resident address and business address during the time period to which the interrogatory relates;

5.    Present or last known job classification or position;

6.    Business or professions during the time period to which the interrogatory relates;

7.    Every office, title, or position held during the time period to which the interrogatory relates;

8.    Every employer during the time period to which the interrogatory relates, stating the name and present or last know address of each such employer; and

9.    The relationship to any defendant.

B.    As to any person other than an individual (i.e., corporation, partnership, or other entity) please state:

1.    Its legal name and other names used by it;

2.    The form or manner of its organization (e.g., partnership, corporation, etc.);

3.    The state or country (if a foreign country) of its corporation (if it is incorporated) and the address of its principal place of business.

C.    As to a document, please state:

1.    Its title, if any, and the type of document;

2.    The date the document was prepared, executed, and received;

3.    Its author or signatory;

4.    Its addressee and every other recipient or person having knowledge of its contents or whereabouts;

5.    Its type or nature (e.g., letter, memorandum, etc.) including its subject matter (which shall be stated with particularity);

Presiding Judge: HON. KAREN A. CONRAD (612186)

IRPD : 000004 of 000019

6. Its length in approximate units such as pages, time, reels, etc.;

7. The name and business address of the custodian of the document;

8. The present location of the document;

9. If the document is presently not in existence, state when it was abandoned, discontinued, or destroyed, the reasons therefore, and identify any other documents such as summaries, digest, or compilations containing the same or similar information or identify whether the document has been saved on any electronic database.

D.     As to an event, transaction, or occurrence, please state:

1. Its date;

2. The place where it occurred and the manner of its occurrence (e.g., face-to-face meeting or participants, telephone calls, etc.)

3. The identification of all its participants;

4. Its purpose and subject matter;

5. A concise description of what transpired.

E.     As to a medical charge or bill, please state:

1. The service provider;

2. The address of the service provider;

3. The service provided;

4. The date of service;

5. The amount of each charge or billing;

6. The amount paid;

7. The payer;

8. The payee.

Presiding Judge: HON. KAREN A. CONRAD (612186)

IRPD : 000005 of 000019

IV.     Any reference to charges or bills relating to plaintiff's injuries shall include any charges incurred for follow-up treatment or related services.

V.      In construing these interrogatories:

      A.      The singular shall include the plural and the plural shall include the singular;

      B.      Any masculine, feminine, or neutral pronoun shall not exclude the other genders;

      C.      "And" as well as "or" in the requests herein shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the interrogatory any document, communication, or information that might otherwise be construed to be outside the scope.

VI.     All categories of documents described below include all communications (as defined herein) and all notes or other memorandum or of communications which relate to, whether or not such may be expressly stated.

VII.    <u>Unavailable or Unknown Information</u> – If any document requested, or the answer to any interrogatory is not available through sources under the control of the party, or is unknown, please identify the person from whom the information may be obtained.

VIII.   <u>Claims of Privilege</u> – For all objections to any interrogatory or request in which the grounds of any claim of privilege of any kind is asserted:

      A.      Please state the nature of the claim of privilege;

B.     Please state all facts relied upon in support of the claim of privilege or related thereto;

C.     Please identify each document related to the claim of privilege;

D.     Please identify each person having knowledge of any facts related to the claim of privilege; and

E.     Please identify all events, transactions, or occurrences related to the claim of privilege.

IX.     <u>Continuing Nature</u> – These Interrogatories and Requests for Production of Documents shall be deemed continuing so as to require supplemental responses when and if you obtain further information subsequent to you initial response.

## **REQUESTS FOR ADMISSION**

1.     Please admit that you, William W. Barrington, were the driver of the 2015 Volvo VNL with VIN 4V4NC9EH4FN185556 and Department of Transportation number 01891990 that collided with the Plaintiff, Samuel Long, on or about July 28, 2017.

ADMIT _____          DENY _____

2.     Please admit that Bruce Wright was not the driver of the 2015 Volvo VNL with VIN 4V4NC9EH4FN185556 and Department of Transportation number 01891990 that collided with the Plaintiff, Samuel Long, on or about July 28, 2017

ADMIT _____          DENY _____

Presiding Judge: HON. KAREN A. CONRAD (612186)

IRPD : 000008 of 000019

# **INTERROGATORIES**

1.    Please identify the person answering these Interrogatories and identify all persons so assisting in formulating the answers to these interrogatories.

**ANSWER:**


2.    Please identify each person who may be a factual witness in this case and state the relationship of each such person to any Defendant.

**ANSWER:**


3.    Please identify each person known to you, your agents, or your attorney, who will testify as to the past or present physical capabilities of the Plaintiff.

**ANSWER:**


4.    Please state whether there is or was in existence any policy of liability insurance, including any umbrella policy, excess policy, secondary coverage policy, and any self-insured retention plan that would or might inure to the benefit of the Plaintiff herein, by providing for payment of a part of or all of any judgment rendered in favor of the Plaintiff against any Defendant or against any other person, firm, or corporation, who is or may be liable to the Plaintiff by reason of the subject motor vehicle collision, and if the Answer is in the

affirmative, state as follows as to each such policy of insurance or self-insured retention plan known or believed to exist by you or your attorneys:

    a.)    The name and address of the insurer on each such policy;

    b.)    The name and address of each named insured on each such policy;

    c.)    The policy number of each such policy;

    d.)    Identify any person, firm, or corporation who is or may be an "additional insured" and any named Defendant(s) in this case;

    e.)    The limits of liability on such policy or self-insured retention plan as might be applied to any one Plaintiff by reason of any one incident and the total limits of liability of all persons by reason of any one incident;

    f.)    Whether or not any insurer has notified any insured that said insurer or any other person, firm, or corporation must pay a part of or all of any judgment before the insurer must make payment; if so, what payment must be made and by whom before the insurer must make payment;

    g.)    Whether any insurer has notified any insured that said insurer claims that there is or may be no coverage under the terms of the policy of insurance involved; and such notification has not been withdrawn or waived;

    h.)    If the answer to subparagraph (g) is in the affirmative, describe the reason given for the claimed lack of coverage or failure thereof as stated by said insurer (identifying same) to said insured (identifying same), and state the date of such notice.

    i.)    Identify the resident agent of each insurance company.

**<u>ANSWER:</u>**


    5.    Please state whether you, your attorney, or anyone acting on your behalf has obtained any statements in any form, from any persons regarding any of the events referred to in the Complaint. If so, please identify:

a.) Each person from whom each such statement was taken;

b.) The date on which each such statement was taken;

c.) The person and employer of the person who took each such statement;

d.) The persons having custody of each such statement; and

e.) The method of taking each such statement, such as by electric recording device, by handwriting, by typewriter, by court reporter, or by other method.

**ANSWER:**


6. If you have asserted any affirmative defenses in your Answer, please list every fact upon which you rely in asserting each affirmative defense.

**ANSWER:**


7. For each person whom you expect to call as an expert witness at the trial of this action, please state the following:

a.) The identity of each such expert witness;

b.) The subject matter upon which this person is expected to testify;

c.) The substance of the facts and opinions to which each such person is expected to testify;

d.) A summary of the grounds for each such opinion.

**ANSWER:**


8. Please identify specifically, including source of publication, every document relating to any matter and issue in this action, that was prepared by, or co-authored by, each such expert referred to in Interrogatory No. 7.

**ANSWER:**

9.    Please identify specifically every similar cause of action in which each such expert referred to in Interrogatory No. 7 has testified as an expert witness by deposition or in court and identify the person for whom each such expert was a witness.

**ANSWER:**

10.    Please state whether you, your agents, servants, or employees have possession, custody, or control of any photographs relating to the events referred to in the Complaint.    If so, please identify the custodian of the photographs, the date each photograph was taken, and by whom each photograph was taken.

**ANSWER:**

11.    Please state whether you, your agents, servants, or employees have possession, custody, or control of any movies or videotapes of the Plaintiff. If so, identify the custodian of the movies or videotapes, when each movie or videotape was made, and by whom each movie or videotape was made.

**ANSWER:**

12.     Please state whether you, your agents, attorneys, servants, or employees have retained any persons to perform any surveillance or investigation of any of the parties in this lawsuit.

**<u>ANSWER:</u>**


13.     If the answer to the above interrogatory is in the affirmative, please state:

    a.)     The identity of the person or firm retained.

    b.)     The identity of the party who is or was the subject of the surveillance.

    c.)     Whether such surveillance has already been performed, and if so, the dates of surveillance.

**<u>ANSWER:</u>**


14.     Please state whether you have been convicted of a felony or misdemeanor.  If so, please state in detail all facts relating to the plea of guilty or conviction for each felony or misdemeanor including:

    a.)     The jurisdiction and description of the court in which the felony conviction arose;

    b.)     The date of the plea of guilty or conviction;

    c.)     The jurisdiction and description of the court in which the misdemeanor conviction arose; and

    d.)     The date of the plea of guilty or conviction.

**<u>ANSWER:</u>**

15.     With respect to any individual Defendant, please state whether you have ever had your operator's license in Kentucky or any other jurisdiction suspended for any reason.  If so, please state:

a.)     The jurisdiction and date on which the license was revoked or suspended;

b.)     The reason for the revocation or suspension; and

c.)     Any criminal charges related to the revocation or suspension.

**<u>ANSWER:</u>**


16.     With respect to any individual Defendant, on the date of the event referred to in the complaint, did you have a valid Drivers License?

**<u>ANSWER:</u>**


17.     If the answer to the preceding question is in the affirmative, please identify the issuing state or province and state whether it is a commercial license or an operator's license and describe any restrictions that apply to such license.

**<u>ANSWER:</u>**


18.     If the license described in the response to the preceding Interrogatory is a commercial drivers license, please state the Group (such as A, B, or C) and any endorsement (such as Double/Triple Trailers, Passenger, Tank Vehicle, Hazardous Materials, School Bus) thereon.

**<u>ANSWER:</u>**

Presiding Judge: HON. KAREN A. CONRAD (612186)

IRPD : 000013 of 000019

19.    With respect to the vehicle that was operated by the individual Defendant at the time of the collision, please state whether any repairs were made on it after the collision.  If the answer is in the affirmative:

    a.)    Please state the costs of any repairs;

    b.)    Please identify any documents that were created by Defendant, Defendant's insurance carrier, or anyone else on Defendant's behalf, describing the repairs to be made; and whether any maintenance procedures were performed on the vehicle after the collision.

**<u>ANSWER:</u>**


20.    Please state whether any photographs were taken of the damage to the vehicle operated by the individual Defendant.  If so, please identify:

    a.)    The custodian of the photographs;

    b.)    When the photographs were taken; and

    c.)    By whom the photographs were taken.

**<u>ANSWER:</u>**


21.    Please identify the owner of the vehicle operated by the individual Defendant and involved in the subject motor vehicle collision.

**<u>ANSWER:</u>**


22.    At the time and place of the subject motor vehicle collision, please state whether there was anywhere in the vehicle being operated by the Defendant, a mobile telephone, whether in use or not, whether operational or not.

Presiding Judge: HON. KAREN A. CONRAD (612186)

IRPD : 000014 of 000019

**<u>ANSWER:</u>**

23.     If the response to the preceding interrogatory is in the affirmative, state:

    a.)    The identity of the subscriber of the mobile telephone service;

    b.)    The address of the above subscriber;

    c.)    Billing address of subscriber (if different from above);

    d.)    Mobile telephone number of subscriber;

    e.)    Wired telephone number of subscriber;

    f.)    Name of mobile telephone service provider;

    g.)    Address of mobile telephone service provider; and

    h.)    Account number assigned by mobile telephone service provider

**<u>ANSWER:</u>**

24.     At the time and place of the subject motor vehicle collision, state whether the Defendant was a subscriber to any mobile telephone service.

**<u>ANSWER:</u>**

25.     If the response to the preceding interrogatory was in the affirmative, state:

    a.)    Billing address for Defendant's mobile telephone service;

    b.)    Mobile telephone number of Defendant;

    c.)    Name of mobile telephone service provider;

Presiding Judge: HON. KAREN A. CONRAD (612186)

IRPD : 000015 of 000019

    d.)    Address of mobile telephone service provider; and

    e.)    Account number assigned by provider to subscriber

**ANSWER:**


26.    On the date of the subject motor vehicle collision, and with respect to any individual Defendant, please state whether you were employed and whether you were in the course and scope of any employment for any person or on the business of any person.  Also please state the name, address, and telephone number of your employer.

**ANSWER:**


27.    Please describe the circumstances relating to any motor vehicle collisions within two years prior to the subject motor vehicle collision, in which you were the driver.

**ANSWER:**


28.    Please describe the circumstances pertaining to any traffic citations received by you within two years prior to the subject motor vehicle collision.

**ANSWER:**


29.    Please state how many hours you had been driving at the time of the subject motor vehicle collision.

**ANSWER:**

Filed 19-CI-00066 04/10/2019 Gina Lyle, Henry Circuit Clerk

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.     Please produce photocopies of all policies and self-insured retention plans of insurance that provide coverage to the Defendant for the injury which is the subject of this action.

**RESPONSE:**


2.     Please produce all photographs, movies or videotapes regarding which an affirmative response was given in the above interrogatories.

**RESPONSE:**


3.     Please produce copies of any statements you have obtained from any witness or from the Plaintiff.

**RESPONSE:**


4.     Please produce copies of any documents signed by the Plaintiff which in any way relate to this case.

**RESPONSE:**


5.     Please produce copies of any documents relating to the repairs or maintenance of Defendant's vehicle.

**RESPONSE:**

Filed 19-CI-00066 04/10/2019 Gina Lyle, Henry Circuit Clerk

Presiding Judge: HON. KAREN A. CONRAD (612186)

IRPD : 000017 of 000019

6.    If the response to Interrogatory #22 is in the affirmative, please produce copies of complete bills, invoices, or statements for mobile telephone service for the billing period which includes:

a.)    The date mentioned in the Complaint;

b.)    The billing period immediately preceding the date mentioned in the Complaint;

c.)    The billing period immediately succeeding the date mentioned in the Complaint

**RESPONSE:**


7.    If the response to Interrogatory #24 is in the affirmative, please produce copies of complete bills, invoices, or statements for mobile telephone service for the billing period which includes:

a.)    The date mentioned in the Complaint;

b.)    The billing period immediately preceding the date mentioned in the Complaint;

c.)    The billing period immediately succeeding the date mentioned in the Complaint

**RESPONSE:**

Presiding Judge: HON. KAREN A. CONRAD (612186)

IRPD : 000018 of 000019

*/s/ Danielle Reesor Blandford*

Danielle Reesor Blandford, Esq.
**MORGAN & MORGAN**
420 West Liberty Street, Suite 260
Louisville, KY 40202-3048
Telephone: (502) 912-5952
Facsimile (direct): (502) 912-6451
dblandford@forthepeople.com
*Attorney for the Plaintiff, Samuel Long*

## **CERTIFICATE**

It is hereby certified that a copy of the foregoing Interrogatories and Request for Production of Documents were served with the Complaint.

*/s/ Danielle Reesor Blandford*

Danielle Reesor Blandford, Esq.

Presiding Judge: HON. KAREN A. CONRAD (612186)

IRPD : 000019 of 000019

Filed                    19-CI-00066    05/06/2019                    Gina Lyle, Henry Circuit Clerk

COMMONWEALTH OF KENTUCKY
HENRY CIRCUIT COURT
CASE NO. 19-CI-00066

SAMUEL LONG                                                              PLAINTIFF

VS.                          ANSWER TO COMPLAINT
                              *Electronically Filed*

WILLIAM W. BARRINGTON,
BRUCE A. WRIGHT, PLANA
TRANSPORTATION, INC., and
PROGRESSIVE CASUALTY INSURANCE COMPANY                 DEFENDANTS

* * * * *

Comes the Defendant, Plana Transportation, Inc., by counsel, and for its answer to Plaintiff's complaint, states as follows:

FIRST DEFENSE

The complaint should be dismissed for failure to state a claim upon which relief may be granted.

SECOND DEFENSE

The complaint may be barred by the applicable statute of limitations, depending upon the actual date of the subject accident and all relevant statutory and common law.

THIRD DEFENSE

1.       Defendant is without sufficient information or knowledge to admit or deny the allegations set forth in numbered paragraphs 1, 2, 3, 4, and 5 of the complaint, and therefore denies same. Defendant does not answer to the statements of law contained within said paragraphs as the Court is the only authority for the applicable law in this case, and such law shall speak for itself.

Filed    4818-4841-3077, v. 1    19-CI-00066    05/06/2019                    Gina Lyle, Henry Circuit Clerk

2.     Defendant admits so much of numbered paragraph 6 that states that it is an Illinois corporation with its principal office in Wood Dale, Illinois, and that its agent for service is Plamen Arhanguelov Metodiev.  Defendant does not answer to the statements of law contained within said paragraph as the Court is the only authority for the applicable law in this case, and such law shall speak for itself.

3.     Defendant restates, adopts, and incorporates herein by reference all defenses previously stated in numbered paragraphs 1 and 2 above in response to numbered paragraph 7, Count I of the complaint.

4.     Defendant is without sufficient information or knowledge to admit or deny the allegations set forth in numbered paragraph 8, Count I of the complaint, and therefore denies same.

5.     Defendant does not answer to the statement of law contained within numbered paragraph 9, Count I of the complaint as the Court is the only authority for the applicable law in this case, and such law shall speak for itself.

6.     Defendant denies any allegations of negligence stated or implied against it in numbered paragraphs 10, 11, and 12 (including all subsections thereof), Count I of the complaint.  Defendant is without sufficient information or knowledge to admit or deny the remaining allegations of said paragraphs, and therefore denies same.

7.     Defendant is without sufficient information or knowledge to admit or deny the allegations set forth in numbered paragraphs 13 and 14, Count I of the complaint, and therefore denies same.  Defendant does not answer to the statements of law contained within said paragraphs as the Court is the only authority for the applicable law in this case, and such law shall speak for itself.

ANS : 000002 of 000007

8.      Defendant restates, adopts, and incorporates herein by reference all defenses previously stated in numbered paragraphs 1 through 7 above in response to numbered paragraph 15, Count II of Plaintiff's complaint.

9.      Defendant is without sufficient information or knowledge to admit or deny the allegations set forth in numbered paragraph 16, Count II of the complaint, and therefore denies same.

10.     Defendant does not answer to the statement of law set forth in numbered paragraph 17, Count IIas the Court is the only authority for the applicable law in this case, and such law shall speak for itself.

11.     Defendant denies any allegations of negligence stated or implied against it in numbered paragraphs 18, 19, and 20 (including all subsections thereof), Count II of the complaint.  Defendant is without sufficient information or knowledge to admit or deny the remaining allegations of said paragraphs, and therefore denies same.

12.     Defendant is without sufficient information or knowledge to admit or deny the allegations set forth in numbered paragraphs 21 and 22, Count II of the complaint, and therefore denies same.   Defendant does not answer to the statements of law contained within said paragraphs as the Court is the only authority for the applicable law in this case, and such law shall speak for itself.

13.     Defendant restates, adopts, and incorporates herein by reference all defenses set forth in numbered paragraphs 1 through 12 above in response to numbered paragraph 23, Count III of the complaint.

14.     Defendant denies that an individual named William W. Barrington was the employee, agent, servant, or statutory employee of this Defendant as stated in numbered

ANS : 000003 of 000007

paragraph 24, Count III of the complaint. Defendant states that Barrington W. Wright (mistakenly identified as William W. Barrington) was operating a vehicle under the DOT authority of Plana Transportation, Inc. on the date of the subject accident. Defendant denies any allegations of negligence stated or implied against it in said paragraph. Defendant does not answer to the statements of law contained within said paragraph, as the Court is the only authority for the applicable law in this case, and such law shall speak for itself.

15.     Defendant is without sufficient information or knowledge to admit or deny the allegations set forth in numbered paragraph 25, Count III of the complaint. Defendant denies any allegations of negligence stated or implied against it in said paragraph. Defendant does not answer to the statements of law contained within said paragraph as the Court is the only authority for the applicable law in this case, and such law shall speak for itself.

16.     Defendant restates, adopts, and incorporates herein by reference all defenses set forth in numbered paragraphs 1 through 15 above in response to numbered paragraph 26, Count IV of the complaint.

17.     Defendant is without sufficient information or knowledge to admit or deny the allegations set forth in numbered paragraphs 27, 28, 29, and 30, Count IV of the complaint, and therefore denies same.

<u>FOURTH DEFENSE</u>

Defendant affirmatively states that if on the date and occasion complained of, the subject accident and Plaintiff's claimed injuries and damages, if any, were caused and

brought about in whole or in part by the negligence of Plaintiff, Defendant relies upon same as a complete or partial bar to Plaintiff's complaint.

<u>FIFTH DEFENSE</u>

Defendant affirmatively states that if on the date and occasion complained of, the subject accident and Plaintiff's claimed injuries and damages, if any, were caused and brought about in whole or in part by the negligence of a third-party, named or unnamed in the complaint, Defendant relies upon same as a complete or partial bar to Plaintiff's complaint.

<u>SIXTH DEFENSE</u>

Defendant affirmatively states that if on the date and occasion complained of, the subject accident and Plaintiff's claimed injuries and damages, if any, were caused and brought about in whole or in part by an act of God, Defendant relies upon same as a complete or partial bar to Plaintiff's complaint.

<u>SEVENTH DEFENSE</u>

Defendant affirmatively states that if on the date and occasion complained of, the subject accident and Plaintiff's claimed injuries and damages, if any, were caused and brought about by an intervening and superseding cause of which Defendant had no control, Defendant relies upon same as a complete bar to Plaintiff's complaint.

<u>EIGHTH DEFENSE</u>

Defendant affirmatively states that to the extent that Plaintiff has failed to mitigate his damages, Defendant relies upon same as a complete bar to those portions of Plaintiff's claims caused by such failure.

ANS : 000005 of 000007

## NINTH DEFENSE

Defendant affirmatively relies upon all applicable provisions of Kentucky's Motor Vehicle Reparations Act (K.R.S. 304.39-010, *et seq.*) as a complete bar to all relevant portions of Plaintiff's complaint.

## TENTH DEFENSE

Defendant affirmatively states that to the extent that Plaintiff's lost wages and medical expenses have been paid or are payable by Plaintiff's basic reparations benefits carrier, the causes of action belongs to such carriers, and Defendant relies upon same as a complete bar to those portions of Plaintiff's claims.

## ELEVENTH DEFENSE

Defendant affirmatively relies upon all applicable defenses permitted pursuant to Kentucky's Rules of Civil Procedure 8.03 and 12.02 as complete bars to those relevant portions of Plaintiff's complaint.

WHEREFORE, Defendant moves for dismissal of the complaint against it, for its costs incurred herein, and for any and all other relief to which it may appear entitled.

Respectfully submitted,

DANIEL E. MURNER        (No. 82715)
ELIZABETH J. WINCHELL (No. 92088)
LANDRUM & SHOUSE LLP
P. O. Box 951
Lexington, KY  40588-0951
Telephone:  859-255-2424

BY:     /s/Elizabeth Winchell
          COUNSEL FOR DEFENDANT, PLANA
          TRANSPORTATION, INC.

ANS : 000006 of 000007

<u>CERTIFICATE</u>

I hereby certify that on the 6th day of May, 2019, the foregoing document was electronically filed with the Clerk of this Court using the KY eCourts eFiling system, which will send notification of such filing to the following:

Daniel E. Murner                          ([dmurner@landrumshouse.com](mailto:dmurner@landrumshouse.com))
Elizabeth Winchell                      ([ewinchell@landrumshouse.com](mailto:ewinchell@landrumshouse.com))
*Counsel for Defendant,*
*Plana Transportation, Inc.*


I further certify that I mailed this document U.S. mail, first class, postage prepaid, to the following non-CM/ECF participants:

Danielle Reesor Blandford            ([dblandford@forthepeople.com](mailto:dblandford@forthepeople.com))
MORGAN & MORGAN
420 West Liberty Street, Suite 260
Louisville, KY  40202-3048
*Counsel for Plaintiff, Samuel Long*


  /s/Elizabeth Winchell
COUNSEL FOR DEFENDANT, PLANA TRANSPORTATION, INC.

COMMONWEALTH OF KENTUCKY
HENRY CIRCUIT COURT
CASE NO. 19-CI-00066

SAMUEL LONG                                                    PLAINTIFF

VS.        **NOTICE TO CIRCUIT COURT OF HENRY COUNTY, KENTUCKY**
           **OF FILING OF NOTICE OF REMOVAL**
           ***Electronically Filed***

WILLIAM W. BARRINGTON,
BRUCE A. WRIGHT, PLANA
TRANSPORTATION, INC., and
PROGRESSIVE CASUALTY INSURANCE COMPANY                DEFENDANTS

* * * * *

You are hereby notified of the filing of the notice of removal in the United States

District Court for the Eastern District of Kentucky, Frankfort Division, of the case of

Samuel Long v. William W. Barrington, Bruce A. Wright, Plana Transportation, Inc., and

Progressive Casualty Insurance Company, bearing Civil Action Number 19-CI-00066, in

the Circuit Court of Henry County, Commonwealth of Kentucky, all in accordance with the

provisions of 28 USC § 1446.  Copies of said notice of removal were filed and served

herewith.

Respectfully submitted,

DANIEL E. MURNER        (No. 82715)
ELIZABETH J. WINCHELL(No. 92088)
LANDRUM & SHOUSE LLP
P. O. Box 951
Lexington, KY  40588-0951
Telephone:  859-255-2424

BY:     /s/Elizabeth Winchell_____
        COUNSEL FOR DEFENDANT, PLANA
        TRANSPORTATION, INC.

4830-3196-2517, v. 1

<u>CERTIFICATE</u>

I hereby certify that on the 20th day of May, 2019, the foregoing document was electronically filed with the Clerk of this Court using the KY eCourts eFiling system, which will send notification of such filing to the following:

Daniel E. Murner                            ([dmurner@landrumshouse.com](mailto:dmurner@landrumshouse.com))
Elizabeth Winchell                          ([ewinchell@landrumshouse.com](mailto:ewinchell@landrumshouse.com))
*Counsel for Defendant,*
*Plana Transportation, Inc.*

I further certify that I mailed this document U.S. mail, first class, postage prepaid, to the following non-CM/ECF participants:

Danielle Reesor Blandford              ([dblandford@forthepeople.com](mailto:dblandford@forthepeople.com))
MORGAN & MORGAN
420 West Liberty Street, Suite 260
Louisville, KY  40202-3048
*Counsel for Plaintiff, Samuel Long*

 /s/Elizabeth Winchell
COUNSEL FOR DEFENDANT, PLANA
TRANSPORTATION, INC.