UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

SAMUEL LONG,               )
                           )
    Plaintiff,             )
                           )   Civil No. 3:19-cv-00035-GFVT
v.                         )
                           )
PLANA TRANSPORTATION, INC., *et al.*,  )   **MEMORANDUM OPINION**
                           )   **&**
    Defendants.            )   **ORDER**
                           )

\*\*\*    \*\*\*    \*\*\*    \*\*\*

This matter is before the Court on Defendants' oral Rule 50(a) motions made at the close of Plaintiff's case in chief. For the reasons set forth herein, Defendants' motions will be DENIED.

**I**

This case arises from a motor vehicle accident that occurred on July 28, 2017. [R. 62 at 1.] Defendant Barrington Wright, a truck driver for Plana Transportation, Inc. on the day the accident occurred, was driving a tractor trailer on a public road in Pendleton, Kentucky. *Id.* Plaintiff Samuel Long was driving a motorcycle behind Mr. Wright. *Id.* Mr. Wright maneuvered his truck to make a wide right-hand turn, and in doing so, entered the left-hand lane before widely swinging back to the right to complete his turn. *Id.* When Mr. Wright entered the left lane, Mr. Long continued in the right lane to proceed past Mr. Wright. *Id.* However, Mr. Wright struck Mr. Long and dragged him and his motorcycle into a parking lot. *Id.* Mr. Long sustained injuries from the accident.

Mr. Long filed suit on May 20, 2019, and a jury trial was held in this matter from July 27–29, 2021, to determine damages. [R. 72; R. 74; R. 75.] At the close of Plaintiffs' case in chief, counsel for the Defendants moved for a directed verdict generally "for all damages, other than those stipulated to by the defendants," as well as for specific medical treatments and care. This Court exercised its discretion to defer ruling on Defendants' motions.

## II

### A

Under Rule 50(a) of the Federal Rules of Civil Procedure, "[j]udgment as a matter of law will be granted only where 'a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue.'" *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 543 (6th Cir. 2008) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)); Fed. R. Civ. P. 50(a)(1). The court may grant judgment as a matter of law "only if reasonable minds could not come to a conclusion other than one favoring the movant." *Brawner v. Scott County, Tenn.*, 14 F.4th 585, 591 (6th Cir. 2021). The standard for granting judgment as a matter of law under Rule 50 involves the same inquiry as for granting summary judgment under Rule 56. *Reeves*, 530 U.S. at 150. Thus, in reviewing a Rule 50 motion, the court should review the record as a whole while drawing "all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence"—both of which are functions left to the jury. *Id*. Additionally, the court "must disregard all evidence favorable to the moving party that the jury is not required to believe." *Id.* at 151.

In a diversity case such as this, when a party moves for judgment as a matter of law based on a challenge to the sufficiency of the evidence, the court should apply the standard of review

"used by the courts of the state whose substantive law governs the action," which in this case is Kentucky. *Kusens v. Pascal Co., Inc.*, 448 F.3d 349, 360 (6th Cir. 2006); *see also Lindenberg v. Jackson Nat'l Life Ins. Co.*, 912 F.3d 348, 360 (6th Cir. 2018) ("In this Circuit, a federal court sitting in diversity must apply the standard for judgments as a matter of law of the state whose substantive law governs.") (quoting *DXS, Inc. v. Siemens Med. Sys., Inc.*, 100 F.3d 462, 468 (6th Cir. 1996)). Under Kentucky law, a motion for judgment as a matter of law is the same as a motion for a directed verdict, *see Adam v. J.B. Hunt Transp., Inc.*, 130 F.3d 219, 231 (6th Cir. 1997), and the trial judge should only grant such a motion if "there is a complete absence of proof on a material issue in the action, or if no disputed issue of fact exists upon which reasonable minds could differ." *Bierman v. Klapheke*, 967 S.W.2d 16, 18–19 (Ky. 1998); *see also Morales v. American Honda Motor Co., Inc.*, 151 F.3d 500, 506 (6th Cir. 1998) (applying Kentucky case law). In reviewing a motion for a directed verdict in Kentucky, "the trial judge must draw all fair and reasonable inferences from the evidence in favor of the party opposing the motion." *Bierman*, 967 S.W.2d at 18. Where there is conflicting evidence, "it is the responsibility of the jury to determine and resolve such conflicts, as well as matters affecting the credibility of witnesses." *Id.* at 19.

## B

### a

Following the close of the Plaintiff's case in chief, the Defendants first moved "for a directed verdict generally for all damages, other than those stipulated to by the defendants" because counsel did not "believe the plaintiffs have met their burden of proof in terms of future medical expenses, the remaining past medical expenses, and the past future pain and suffering." However, "Kentucky Rules of Civil Procedure (CR) 50.01 states that '[a] motion for a directed

3

verdict shall state the specific grounds therefor.'" *Bullock v. Commonwealth*, 2020 WL 7090516, at *1 (Ky. Ct. App. Dec. 4, 2020) (citing Ky. R. Civ. P. 50.01).  In *Bullock*, the Kentucky Court of Appeals found that counsel's statement, "[w]e take the position that the Commonwealth has not proved each and every element of this case," was not sufficient to satisfy the motion for a directed verdict standard. *Id.* at *1.  *Pate v. Commonwealth*, 134 S.W.3d 593 (Ky. 2004), is also instructive.  In *Pate*, at the close of the Commonwealth's case, defense counsel stated, "I make a motion for a directed verdict, your honor." *Id.* at 597.  The Supreme Court found that this general statement was not sufficient because "CR 50.01 requires that a directed verdict motion state the specific grounds therefor." *Id.* at 597–98.

  Here, the Court finds that Defense counsel's general motion for a directed verdict because of the belief that the Plaintiff had not met his burden of proof is too general and fails to satisfy the motion for a directed verdict standard.  However, even if the Court were to construe the general motion as having stated specific grounds, it would still fail.  As to past damages, Plaintiffs provided testimony and evidence from Dr. Travis Clegg, who has been the Plaintiff's treating physician for the past year and a half, and he specifically addressed the Plaintiff's past damages and testified that the Plaintiff's injuries were caused by the wreck.  [R. 84 at 15.] Defendants did not contest Dr. Clegg's qualifications or capacity to testify regarding the Plaintiff's past injuries, and Dr. Clegg provided his opinions and conclusions "within a medical degree of probability" as it relates to the Plaintiff's injuries and past treatment the Plaintiff received.  *Id.* at 13.  Furthermore, Ms. Caryn Nichol, a nurse consultant, testified as to the Plaintiff's future medical expenses, and there was no challenge as to his qualifications.

  A district court should only grant a directed verdict motion if "there is a complete absence of proof on a material issue in the action, or if no disputed issue of fact exists upon

4

which reasonable minds could differ." *Bierman*, 967 S.W.2d at 18–19.  Here, Plaintiffs put forward evidence and testimony from Dr. Clegg and Caryn Nichol demonstrating the Plaintiff's past and future medical expenses.  Accordingly, Defendants' first motion for a directed verdict will be denied.

b

Defendants next argue for a directed verdict as to the Plaintiff's need for a pre-operative MRI for the right hip, post-operative CT scan of the right hip, MRI of the right shoulder, and x-ray of the right shoulder.  Specifically, Defendants argue that, as to the need for these future medical procedures, the testimony of Caryn Nichol was that she would defer to the doctors as it pertains to pre- and post-operative diagnostic testing [*see* R. 84 at 176], and Dr. Clegg did not testify as to whether he would conduct such testing.  Defendants essentially argue that the aforementioned medical procedures are speculative, and therefore the costs associated with these procedures are speculative.

The Court looks to Kentucky law to determine what evidence is required for future medical costs.  *Highley v. 21st Century Ins. Co.*, 2018 WL 3762978, at *3 (E.D. Ky. Aug. 8, 2018) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)).  Future medical expenses are recoverable in Kentucky.  *Id.*; *see also Hensley v. Nat'l Eng'g and Cont. Co.*, 1990 WL 13094, at *2 (E.D. Ky. Feb. 9, 1990) (citing *Davis v. Graviss*, 672 S.W.2d 928, 932 (Ky. 1984)).  However, a plaintiff must present evidence of future medical expenses that is "positive and satisfactory." *Ellison v. Ky. Farm Bureau Mut. Ins. Co.*, 2010 WL 2696289, at *5 (Ky. Ct. App. July 9, 2010) (citing *Howard v. Barr*, 114 F. Supp. 48, 50 (W.D. Ky. 1953)).  "This typically requires expert medical testimony." *Auto Owners Ins. v. Aspas*, 2018 WL 4643190, at *6 (W.D. Ky. Sept. 27, 2018) (citing *Holbrook v. Dollar Gen. Store Corp.*, 2014 WL 4049891, at *9 (Ky.

Ct. App. Aug. 15, 2014)). "Speculation and supposition are insufficient to justify submission of a case to the jury." *Ellison*, 2010 WL 269289, at *5 (citing *Chesapeake & Ohio Ry. Co. v. Yates*, 239 S.W.2d 953, 955 (Ky. 1951)); *see also Highley*, 2018 WL 3762978, at *3 ("if there is no evidentiary basis other than speculation for the jury's award, an award may not be made").

Here, the parties agree that certain future medical expenses will be necessary. Furthermore, the parties agree that the Plaintiff sustained an injury to his right hip and right shoulder in the accident. Instead, the issue specifically relates to the pre-operative MRI for the right hip, post-operative CT scan of the right hip, MRI of the right shoulder, and x-ray of the right shoulder. Defendants argue that Plaintiff's failed to demonstrate that these procedures will be needed because, although Ms. Nichol added these procedures into her total cost estimate, she agreed with Defendants that she would defer to doctors in terms of diagnostic testing pre- and post-operatively.

However, the Court finds that Plaintiffs have met the requisite burden of proof. Plaintiffs presented a medical expert, Ms. Nichol, who had twenty-six years of nursing experience at the time of her testimony, including extensive experience as both a bedside nurse and a nurse consultant. [R. 84 at 152.] Ms. Nichol clarified during her testimony that her cost estimate for future medical expenses is based upon two elements: (1) what Ms. Nichol believes the Plaintiff will need based upon Dr. Clegg's recommendation; and (2) what Ms. Nichol believes the Plaintiff will need in addition to Dr. Clegg's recommendation. *Id.* at 165. Dr. Clegg's recommendations are essentially a list of surgeries the Plaintiff will need, and therefore Ms. Nichol needed to add additional items, such as pre- and post-operative procedures that, based upon her twenty-six years of experience, the Plaintiff will also need in addition to his surgeries. *Id.*

The fact that Ms. Nichol did not speak with Dr. Clegg explicitly about whether he would require these surgeries, as Defendants argue, is not dispositive because it is unclear what particular doctor would be performing the surgery. Ms. Nichol merely provided an estimate based upon general practice and her own experience. Furthermore, even if Defendants' witness Dr. Lyon would not perform these procedures, where there is conflicting evidence, "it is the responsibility of the jury to determine and resolve such conflicts, as well as matters affecting the credibility of witnesses." *Bierman*, 967 S.W.2d at 18. Viewing the evidence in the light most favorable to the Plaintiff, Ms. Nichol, an expert in the field, expressed her opinions "within a reasonable degree of certainty based on [her] training, experience, and expertise." [R. 84 at 173.] Ultimately, the evidence of Ms. Nichol was a reasonable cost projection based upon her expertise. A "[p]laintiff will not be denied a substantial recovery if he has produced the best evidence available and it is sufficient to afford a reasonable basis for estimating his loss." *State Farm Ins. Cos. v. Ashley*, 2008 WL 3161128, at *4 (Ky. Ct. App. Aug. 8, 2008) (quoting *Kellerman v. Dedman*, 411 S.W.2d 315, 317 (Ky. 1967)). Accordingly, Defendants' motion will be denied.

c

Defendants' final motion for a directed verdict is based upon Ms. Nichol's testimony regarding the Plaintiff's future need for Kenalog injections.[1] Counsel for the Defendants specifically argues that the need for the injections is speculative. In response, Plaintiff's counsel argues that the Plaintiff is currently receiving injections, has been receiving injections, and that

---

[1] Counsel for the Defendants also moved for a directed verdict on certain physical therapy visits, and Plaintiff's counsel did not oppose this motion. The Court granted that motion during the trial, and therefore it will not be further addressed here.

the injections are helping the Plaintiff. Further, the Plaintiff argues that it is a jury question as to whether and how many injections the Plaintiff will need.

      The standard for this final directed verdict motion is the same as the previous motion, and this motion will be denied for similar reasons. First, the fact that Ms. Nichol has not spoken generally with doctors about whether they would require injections following surgery, as Defendants argue, is not dispositive. [*See* R. 84 at 176–77.] Ms. Nichol, as an expert, is entitled to provide her own cost projection based upon her extensive experience. Furthermore, Ms. Nichol included future injections in her cost projection because: 1) injections are common for individuals like the Plaintiff who complain of pain in their joints; 2) the Plaintiff has received them in the past; 3) injections provide additional support while waiting for surgery to occur, which is likely in this case; and 4) the doctor included injections in his recommendation as a "potential future need." *Id.* at 171. This evidence, when considered as a whole, and considered in a light most favorable to the Plaintiff, rises above the level of speculation and satisfies the requisite "positive and satisfactory" test. *Ellison*, 2010 WL 2696289, at *5. Therefore, Defendants' final motion for a directed verdict is denied.

### III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** that Defendants' Motion for a Directed Verdict pursuant to Rule 50(a) is **DENIED**.

      This the 2d day of November, 2021.



Gregory F. Van Tatenhove
United States District Judge

9